Attorney General Loving has asked me to respond to your recent request for an Attorney General opinion in which you asked, in effect: Does an independent medical examination performed by a licensed physician constitute an act which requires certification under the Hospital and Medical Services Utilization Review Act? Because your question may be answered by a review of applicable law, this office has determined that your request should be answered in an informal letter. The discussion which follow is not an official opinion of the Attorney General. Rather, the analysis and conclusions which follow, while solely my own, have been reached after careful research of the question you have raised. The Oklahoma Hospital and Medical Services Utilization Act (the "Act"), 36 O.S. 6551 (1991), et seg., was enacted by the Oklahoma Legislature effective November 1, 1991, to provide a system of oversight of persons who review hospital and medical services provided to patients in this state. Section 36 O.S. 6553 of the Act provides, in part: "A. A private review agent who approves or denies payment or who recommends approval or denial of payment for hospital or medical services or whose review results in approval or denial of payment for hospital or medical services on a case-by-case basis shall not conduct utilization review in this state unless the Insurance Commissioner has granted the private review agent a certificate." 36 O.S. 6553 (1991) That same section provides certain exceptions to this requirement. The Act defines a "utilization review" to be: "(A) system for prospectively, concurrently and retrospectively reviewing the appropriate and efficient allocation of hospital resources and medical services given or proposed to be given to a patient or group of patients. It does not include an insurer's normal claim review process to determine compliance with the specific terms and conditions of the insurance policy." 36 O.S. 6552 (1991). A "private review agent" is defined by the Act to include: a. an employer in this state, or b. a third party that provides or administers hospital and medical benefits to citizen-of this state, including, but not limited to: (1) a health maintenance organization issued a licence pursuant to Section 2501 et seg. of Title 63 (63 O.S. 2501) of the Oklahoma Statutes, unless the health maintenance organization is federally regulated and licensed and has on file with the Commissioner of Health a plan of utilization review carried out by health care professionals and providing for complaint and appellate procedures for claims, or (2) a health insurer, not for profit hospital service or medical plan, health insurance service organization, or preferred provider organization or other entity offering health insurance policies, contracts or benefits in this state(.)" For the purposes of your question, a "physician" in this state includes doctors of podiatric medicine, chiropractic physicians, dentists, medical doctors, doctor of optometry, osteopathic physicians and licensed psychologists. 59 O.S. 725.2 (1993). The primary rule of statutory construction is to ascertain and give effect to the expressed legislative intent of a statute in light of its general purpose and object. TXO Production Corp. v. Oklahoma Corporation Commission, 829 P.2d 964 (Okla. 1992). The expressed intent of the Hospital and Medical Services Review Act is to mandate oversight of private review agent who perform utilization reviews, as each are defined by the Legislature. An independent medical examination is not defined by the Legislature in the Act. Therefore it is proper to construe it by it common meaning. 25 O.S. 1 (1991). An independent medical examination, in practice and in the ordinary meaning of the e words, refers to a review of medical conditions or medical or hospital services provided to or needed by a patient on behalf of some third party. This could be performed on behalf of an employer, health maintenance organization or health insurer. It could also be performed in the context of a lawsuit for personal injuries, such as battery. In the context of a utilization review performed for an employer, HMO or health insurer this would mandate certification. In the case of a suit for personal injuries, this would not always invoke the requirements of the Act. In the case of a lawsuit for personal injuries, a medical examination may be required solely to determine the extent of the plaintiff's injuries. Such an examination may be performed outside the context of employment, insurance or utilization review. An independent medical examination performed outside the scope of the defined limits of the Act doe not require certification under the Act. (Footnote 1) Because the legislature used different terminology than "independent medical examination" as used in your question, it is necessary to look at the act performed rather than the nomenclature attached to the act in order to determine if certification is required. Briefly, the Act is invoked in those circumstances where "private review agent" as defined by the Act, approves or denies payment or makes recommendations for such on case-by-case basis. To make a specific determination on n individual case require determination of facts, which this office is not authorized to do. 74 O.S. 18b(A)(5) (1993). It is, therefore the opinion of the undersigned that an independent medical examination performed by a licensed physician may constitute an act which requires certification under the Hospital and Medical Service Utilization Review Act. Whether such an independent medical examination is done in this context is a question of fact which may be determined in an opinion of this office. 74 O.S. 18B(a)(5) (1993). (James Robert Johnson) (Footnote 1) 36 O.S. 1254 does not obviate the requirements of the Act for certification by the Insurance Commissioner. Instead, both sections must be complied with; to-wit, a physician must be used for the utilization review or independent medical examination and that physician must be certified by the Insurance Commissioner.